In re the Petition for DISCIPLINARY ACTION AGAINST Jay A. JOYNER, an Attorney at Law of the State of Minnesota.

No. C9–92–1332.

Supreme Court of Minnesota.

Jan. 22, 1993.

### ORDER

In July of 1992, the Director of the Office of Lawyers Professional Responsibility filed a petition and supplementary petition for disciplinary action with this Court alleg-

ing that the respondent, Jay A. Joyner, had committed professional misconduct warranting public discipline. In the petitions, the Director alleges that respondent neglected two client matters entrusted to him and settled one of those matters without the authorization of his clients.

After the petitions had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his previously filed answers and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and public supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petitions of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Jay A. Joyner, hereby is publicly reprimanded and placed on public supervised probation for a period of 2 years, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the conditions of respondent's probation shall be as follows:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and respond promptly to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor respondent's compliance with the terms of this probation. Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until the supervisor has signed a consent to supervise, the respondent shall provide the Director with the inventory of active client files described below. Respondent shall make active client files available to the Director upon request.

c. Respondent shall cooperate fully with the supervisor's efforts to monitor respondent's compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director reasonably may request.

d. Respondent shall initiate and maintain office procedures which ensure that he responds promptly to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Within 30 days of the date of this order, respondent shall provide the Director and the supervisor, if any, with a written plan outlining office procedures designed to ensure that respondent is in compliance with the requirements of this probation. In addition, respondent shall provide progress reports as requested.

f. Respondent shall reduce his case load to a reasonable level and maintain his case load at a reasonable level to ensure that each file is handled in a professional manner.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.